**Daryl GILLESPIE, Plaintiff–Appellant,**

v.

**Bobby CRAWFORD, et al., Defendants.**

**No. 87–2729.**

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1988.

---

William D. Underwood, Larry T. Bates, Dallas, Tex., for Daryl Gillespie.

Daryl Gillespie, Rosharon, Tex., pro se.

Adrian L. Young, Robert Ozer, Susan Werner, Asst. Attys. Gen., Austin, Tex., for amicus curiae.

Before CLARK, Chief Judge, GEE, RUBIN, REAVLEY, POLITZ, KING, JOHNSON, WILLIAMS, GARWOOD, JOLLY, DAVIS and JONES, Circuit Judges.[*]

PER CURIAM:

The panel following *Johnson v. McKaskle*, 727 F.2d 498 (5th Cir.1984), held in its opinion at part II A., 833 F.2d 47, 49, that plaintiffs state a claim for equitable relief despite the orders and pendency of *Ruiz v. Estelle*, 503 F.Supp. 1265 (S.D.Tex.1980), aff'd in part and vacated in part, 679 F.2d 1115, amended in part and vacated in part, 688 F.2d 266 (5th Cir.1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). The en banc court now affirms the district court's dismissal of the claims for injunctive relief seeking to remedy the conditions of plaintiffs' confinement and for declaratory judgment concerning those conditions.

In *Ruiz* a plaintiff class composed of all past, present and future inmates confined by the Texas Department of Corrections has challenged successfully the constitutionality of conditions at prisons operated by TDC. The district court there has retained jurisdiction until such time as the plaintiff class obtains complete relief and the court, with the help of a Special Master, has exercised continuing oversight of TDC's efforts to comply with the court's decrees.

In *Green v. McKaskle*, 770 F.2d 445 (5th Cir.1985), a panel, writing subsequent to *Johnson v. McKaskle*, urged that *Ruiz* preclude individual suits by Texas prisoners seeking equitable relief from the conditions of confinement. The *Green* panel said:

Individual members of the class may, of course, seek to intervene in the class action and may contend for intervention, or object to the binding effect of a class action judgment, on the ground that they are not or were not adequately represented in the class action. But the individual class member should be barred from pursuing his own individual lawsuit

---

cused and did not participate in this cause.

that seeks equitable relief within the subject matter of the class action. *See Kemp v. Birmingham News Co.,* 608 F.2d 1049 (5th Cir.1979); *Fowler v. Birmingham News Co.,* 608 F.2d 1055 (5th Cir.1979); *Cotton v. Hutto,* 577 F.2d 453 (8th Cir.1978); *Wren v. Smith,* 410 F.2d 390 (5th Cir.1969); *see generally* 7A C. Wright & A. Miller, Federal Practice and Procedure § 1789 (1972 & Supp.1985).

*Id.* at 446–47.

This court voted the case en banc to resolve that question; but when Green's parole mooted his request for equitable relief, his case was remanded to the panel. *Green v. McKaskle,* 788 F.2d 1116, 1121 n. 3 (5th Cir.1986).

■■■ Gillespie too has now been paroled and his claims for equitable and declaratory relief for himself have become moot. Since he does not even purport to represent a class, he has no standing to seek equitable or other relief for other persons.

■ The problem noted in *Green,* however, continues and we address it today. Permitting multiple courts to entertain equitable claims and issue decrees that might affect the Texas prison system would require other courts to become familiar with the *Ruiz* decree, the current problems of the Texas prison system, and the possible disruptive effect of the exercise of equitable powers over matters covered by the *Ruiz* decree. Moreover, if separate suits for equitable relief are filed in other districts than that in which *Ruiz* is pending, even with respect to problems not encompassed by the relief granted in *Ruiz,* the court's orders may hobble the effect of the *Ruiz* court's continuing decree over the Texas prison system and its power both to enforce and to modify that decree.

For these reasons, and exercising its supervisory power over the courts in this circuit, the court now adopts the position of the *Green* panel, which is similar to that of the Sixth and Eighth Circuits. *See Groseclose v. Dutton,* 829 F.2d 581 (6th Cir.1987); *Goff v. Menke,* 672 F.2d 702 (8th Cir.1982). Separate individual suits may not be maintained for equitable relief from allegedly

unconstitutional Texas prison conditions. To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications. Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further action through the class representative and attorney, including contempt proceedings, or by intervention in the class action.

We reinstate that portion of the judgment of the panel which is based upon Part II B of the panel opinion holding that appellant has the right to sue individually for damages.

The judgment of the district court is VACATED and the case is REMANDED.

GARWOOD, Circuit Judge, with whom CLARK, Chief Judge and EDITH H. JONES, Circuit Judge, joins specially concurring:

I concur in the dismissal of Gillespie's claims for equitable and declaratory relief on grounds of mootness. Gillespie's suit is not a class action and there is no "realistic likelihood" that he will again be subjected to the conditions of which he complains. *See Brown v. Edwards,* 721 F.2d 1442, 1446–47 (5th Cir.1984). However, having properly dismissed these claims as moot, the majority nevertheless proceeds, "exercising its supervisory power," to announce that henceforth "[s]eparate individual suits may not be maintained for equitable relief from allegedly unconstitutional Texas prison conditions." I would not thus reach out to resolve that matter. The decision in *Johnson v. McKaskle,* 727 F.2d 498 (5th Cir.1984), has been in effect for over four and a half years without causing any noticeable enhancement of the considerable administrative and judicial difficulties inherent in the *Ruiz* litigation (and without occasion for the issue to even present itself to us in the form of a still live controversy). And, separate, individual damage actions will continue to be heard, which will necessarily result in separate resolution of the very same legal and factual merits issues

that are involved in individual equitable claims. Just what mechanisms the *Ruiz* court will use to resolve these individual equitable claims is unclear.[1] At least in the absence of strong evidence that the *Johnson* system has in fact added significantly to the burdens inherent in the *Ruiz* litigation, I would not consider whether we should disturb the normal pattern of proceeding, recognized in *Johnson*, until we have a live, concrete case before us presenting that issue.

---

1. The *Ruiz* litigation has been pending for over fifteen years, and trial on the merits was concluded more than nine years ago. While the remedial portions of that action remain ongoing, I do not understand the majority to suggest that the underlying merits issues in the *Ruiz* class action are subject to being reopened. It seems plain to me that that phase of the class action has long since concluded. At least as to prisoners who first came into the Texas Department of Corrections after the decree on the merits was issued, the situation is thus distinct from that presented in *Goff v. Menke*, 672 F.2d 702, 704 (8th Cir.1982), and, apparently, in *Groseclose v. Dutton*, 829 F.2d 581 (6th Cir.1987) (relying on *Goff*).

Of course, I address, as does the majority, claims of constitutional violations not merely of violations of the *Ruiz* decree itself. We have long recognized that the latter belong in the *Ruiz* case.