**Ricky L. LONG, William Bryan Sorens and David Gene Morris, Plaintiffs–Appellants,**

v.

**James A. COLLINS, et al., Defendants–Appellees.**

No. 90–2461

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1990.

Ricky L. Long, Rosharon, Tex., pro se.

William Bryan Sorens, Rosharon, Tex., pro se.

David Gene Morris, Rosharon, Tex., pro se.

James S. Hightower, Rosharon, Tex., pro se.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Three inmates of the Texas Department of Criminal Justice, Institutional Division (TDC) filed a *pro se* § 1983 case challenging the prison's new administrative directive, which limits total storage space inside inmate cells to four cubic feet. According to the inmates, this regulation unconstitutionally infringes on their rights of access to the courts, free exercise of religion, and possession of legally obtained property. They requested injunctive relief and $1 billion in punitive damages. We concur with the district court's decision to dismiss this complaint pursuant to 28 U.S.C. § 1915(b).

Appellants' complaint challenges the TDC's Administrative Directive .03.72, which mandates that inmates will be provided with storage containers of approximately 1.75 cubic feet capacity. According to an affidavit attached to the complaint, a TDC warden could permit an additional storage unit of 2.25 cubic feet capacity to be obtained for storage of a prisoner's legal materials. The regulation states that if a prisoner's property cannot fit within

**4**

these storage containers, it must either be mailed home at the inmate's expense, retrieved by approved visitors, or turned over to the prison for destruction.

Appellants contend that each of their legal materials alone are too voluminous to be stored within four cubic feet of space. As quoted verbatim from their appellate brief, each plaintiff lays claim to the following materials:

Plaintiff Long:

1. Approx. 5100 pages of pleadings, documentation and legal correspondance and research materials in the following causes of action: 05–88–0156 CR; 89–12182–K, CA 3–90–0004–F, G–90–110, 90–2461, proceeding pro se in all causes.

2. 34 Law Books, most of which are not available in Unit Law Library.

3. Approx. 230 pages of legal research for two separate cases not yet filed.

4. 1 Ream of Typing paper.

5. 1 Box, 50 ct. carbon paper.

6. 23 Typewriter ribbons.

7. 70 Legal Size envelopes.

8. 11 Manila envelopes.

9. Legal pads. × 2

10. Approx. 60 pages of Court opinions

11. 16 Manuals, essential to the study of paralegalism & Constitutional Law, Student No. P 7G–9463, Southern Career Institute, Correspondence.

Plaintiff Sorrens:

1. Approx. 7100 pages of exhibits, pleadings research materials in cause numbers: TX–90–27–CA, TX–90–28–CA, TX–90–57–CA, Misc. G–89–23, Misc. G–90–23, Misc. G–89–236.

2. 1 box of stationary, 100 ct. bx.

3. 2 Reams of typing paper.

4. 4 Legal Pads.

5. 12 typewriter ribbons.

6. 9 Correction Ribbons.

Plaintiff Morris:

1. Approx. 6550 pages of exhibits, pleadings, research materials etc. in

cause numbers: CA 3–86–2465–D, TX–85–470–CA, CA 3–88–2821, G–90–110, 90–2461, F–78–865–MP

2. 83 law books.

3. 540 pages, approx. Other inmates cases that have requested assis-

4. 38 Texas Law Magazines.

5. Approx. 1600 pages of Court rulings, opinions and news paper clipings directly related to current litigation.

6. 3 Reams of Typing paper.

7. 4 Boxes of carbon paper.

8. 14 Legal Pads.

9. 1 Accordian file folder. [sic]

The TDC property directive allegedly interferes with appellants' constitutional rights in three ways. First, the inmates contend that their right of access to the courts is hindered by the administrative limit on their available storage space. Second, in less specific terms, they allege that the limit prevents them from accumulating religious books and papers to supplement a perceived inadequacy in the prison's furnishing of such materials. Third, they contend that the threat to destroy property they have accumulated while in prison violates procedural due process.

■ It seems to us, as it did to the district court, highly dubious that a facially neutral prison storage space limitation of *four cubic feet* might in any way restrict a prisoner's exercise of constitutional rights, especially considering the obvious space limitations in a prison setting. That each inmate possesses well over 5,000 pages of legal papers and is participating in at least five lawsuits bespeaks eloquently the current misallocation of social resources toward excessive prisoner litigation. The inmates' complaint faces a legal hurdle even prior to the assessment of its substantive merit, however. They have sought injunctive relief for the alleged constitutional violation, but such relief is only available through the mechanism of the *Ruiz*[1] remedial injunction that presently operates upon the Texas prison system. This court has held that "separate individual suits may

---

1. *Ruiz v. Estelle,* 503 F.Supp. 1265 (S.D.Tex. 1980), *affirmed in part and vacated in part,* 679 F.2d 1115, *amended in part and vacated in part,*

688 F.2d 266 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).

not be maintained for equitable relief from allegedly unconstitutional Texas prison conditions," because to do so would interfere with the orderly administration of the *Ruiz* class action. *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc). Hence, until the *Ruiz* injunction is lifted or modified, these inmates' claims for equitable relief must be made solely through the *Ruiz* class representative. *Id.*

■ Insofar as the appellants have requested punitive damages, this claim is frivolous under 28 U.S.C. § 1915(d). *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir.1989). There is no arguable basis in law or in fact for a contention that, in promulgating this facially neutral administrative directive governing prisoners' accumulation of property, any TDC official maliciously, wantonly, or oppressively violated the constitutional rights of prisoners, as would be required for the assessment of punitive damages. *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

The district court did not abuse its discretion in dismissing appellants' complaint. Their claim for equitable relief must be sought through the *Ruiz* remedial mechanisms, and their plea for punitive damages is legally frivolous.

AFFIRMED.