961 F.2d 211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Abernathy FREEMAN, Plaintiff-Appellant,
v.
Aaron JOHNSON; Lacy Thornburg, DefendantsAppellees,
and
Marvin SPARROW; Richard Taylor; Barry Nakell, Defendants.
 No. 91-7194.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 23, 1992
Decided: May 4, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-90-91-CRT-BR)
 Donald Abernathy Freeman, Appellant Pro Se.
 Sylvia Hargett Thibaut, Assistant Attorney General, Raleigh, North Carolina, for Appellees.
 E.D.N.C.
 VACATED AND REMANDED.
 Before WIDENER and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Donald Abernathy Freeman appeals from an order of the district court granting summary judgment for Defendants on his claims under 42 U.S.C. § 1983 (1988). We vacate the district court's judgment and remand with instructions to dismiss as moot.
 
 
 2
 Freeman was a North Carolina prisoner. He filed the present action under § 1983 challenging the decision of the North Carolina Department of Corrections to close all prison law libraries, to cease providing photocopying service and typewriters, and to promulgate a regulation making it a disciplinary infraction for inmates to assist each other with legal matters. Freeman sought certification of the case as a class action, as well as declaratory and injunctive relief; he did not seek damages.
 
 
 3
 The district court dismissed some of Freeman's claims and appointed counsel to address the remainder. After briefing and a hearing the court granted summary judgment for the remaining Defendants. Freeman filed a timely notice of appeal. Freeman has not appealed the denial of class action status. While this appeal was pending Freeman was released on parole.
 
 
 4
 Where a party seeks solely equitable relief concerning prison conditions or regulations, and is subsequently paroled, the claims are moot. See Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc, per curiam); Lucas v. Hodges, 730 F.2d 1493, 1497 (D.C. Cir. 1984), vacated on other grounds, 738 F.2d 1392 (D.C. Cir. 1984); Garcia v. De Batista, 642 F.2d 11, 12 (1st Cir. 1981); Winsett v. McGinnes, 617 F.2d 996, 1003 (3d Cir. 1980) (en banc), cert. denied, 449 U.S. 1093 (1981); see also Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983) (release from prison moots claims for declaratory and injunctive relief); Inmates v. Owens, 561 F.2d 560, 562 (4th Cir. 1977) (same).
 
 
 5
 Freeman's claims are therefore moot. Accordingly, we vacate the decision below and remand with instructions to dismiss as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED