32 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Orrin S. REED, Plaintiff/Appellant,
v.
Thomas D. RICHARDS, et al., Defendants/Appellees.
 No. 93-1190.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1994.*
Decided June 13, 1994.
 
 Before FAIRCHILD, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Orrin Reed, who is confined at the Westville Correctional Center in Westville, Indiana, filed a pro se complaint under 42 U.S.C. Sec. 1983, in which he alleged that eleven correctional officials violated his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments. Specifically, he alleged that: he was denied adequate medical care and treatment; he was forced to perform "heavy duty tasks" in retaliation for his complaints and grievances; he was forced to endure "illegal and unhumane [sic ] housing conditions," including "freezing cold, overcrowding, harassment, theft/robbery, beatings, rape and retaliation as a result of inadequate officers/staff member supervision, improper policies and non-enforcement policies," as well as "unrestrained radio playing blasting full volume all day and night"; his legal materials were confiscated, misplaced, or destroyed; he suffers from a breakdown of the prison's grievance system; the supplies he was provided with were inadequate; he was forced to dispose of valuable items of personal property and has had a number of items pilfered from the prison's property room; and prison officials refused to place the names of close family members on his visitation list "without just reason." By his suit, Reed sought damages, injunctive relief, and a "federal investigation" into his allegations "for possible criminal prosecution of the defendants."
 
 
 2
 The district court awarded the defendants summary judgment on Reed's claim for injunctive relief from alleged inadequate medical care on the ground that the claim had been resolved by an Agreed Entry in Anderson v. Orr, No. S83-481 (N.D.Ind. Jan 17, 1989). The court also denied Reed's motion seeking an injunction ordering the return of legal materials he claimed the defendants had seized. Thereafter, the defendants filed a motion for summary judgment on the remaining claims.
 
 
 3
 The district court granted the defendants' motion for summary judgment on all the remaining claims. In a thorough and well-written memorandum, the district court explained that Reed had failed to come forward with admissible evidence sufficient to create a genuine issue for trial. The court also explained that, even if the documents that Reed submitted in response to the defendants' motion for summary judgment had been admissible evidence, the defendants were entitled to summary judgment. This appeal followed.
 
 
 4
 There are two issues on appeal: (1) whether Reed received a full and fair opportunity to oppose the defendants' motions for summary judgment; and (2) whether the defendants are entitled to summary judgment on the claim for injunctive relief from allegedly inadequate medical care and the claim that the defendants retaliated against him for filing complaints and grievance reports about the conditions at the prison. We consider these issues in turn.
 
 
 5
 Reed contends that he was not given a full and fair opportunity to oppose the defendants' motions for summary judgment because the district court did not consider his filings in opposition to the defendants' motions and failed to allow him sufficient time in which to conduct discovery. Reed also argues that the court's denial of his motion for an injunction ordering the defendants to return his confiscated legal materials prejudiced his ability to oppose the defendants' second motion for summary judgment. None of these arguments has merit.
 
 
 6
 In response to the defendants' first motion for summary judgment Reed filed a brief, and an affidavit which stated as follows:
 
 
 7
 Come [sic ] now Orrin Scott Reed, Plaintiff in the attached action and states, under penalty of purjury [sic ] that the above statements are true on information and belief.
 
 
 8
 Further, that the statements in the Notice of Claim made a part of the complaint and this response to defendant's Motion for summary judgment is true on information and belief.
 
 
 9
 Sworn to this 5th day of September, 1991 under penalty of perjury.
 
 
 10
 In response to the defendants' second motion for summary judgment, Reed filed a brief styled, "Rebuttal to Defendant's Motion for Summary Judgment," exhibits consisting of grievance reports and letters in which Reed complained to correctional officials about conditions at the prison, and an affidavit which stated as follows:
 
 
 11
 Come [sic ] now, Orrin Scott Reed, the Plaintiff in the attached rebuttal to Summary Judgment Motion, and make the following statements under oath and under penalty of perjury.
 
 
 12
 That al [sic ] of the allegations presented in this rebuttal are true on information and belief. That he believes that the Defendants in the case are liable for their actions and that they were personally involved as alledged [sic ]. Further, Plaintiff states that the exhibits are true copies of the originals and that they will be used in trial against the defendants.
 
 
 13
 Further, that several witnesses will testify as to the above statements and additional exhibits will be submitted as they become available from discovery and interrogatories.
 
 
 14
 "Supporting materials designed to establish issues of fact in a summary judgment proceeding 'must be established through one of the vehicles designed to ensure reliability and veracity--depositions, answers to interrogatories, admissions and affidavits. When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence.' " Friedel v. City of Madison, 832 F.2d 965, 970 (7th Cir.1987), quoting Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 139 (7th Cir.1985). Affidavits must be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Fed.R.Civ.P. 56(e). The statement in the second affidavit, asserting Reed's "belief" that "the Defendants in the case are liable for their actions and that they were personally involved as alledged [sic ]," is conclusory and thus inadmissible for purposes of Rule 56(e). See Palucki v. Sears, Roebuck, & Co., 879 F.2d 1568, 1572 (7th Cir.1989). Moreover, Reed's exhibits are hearsay and, as such, are inadmissible in evidence. Reed's assertion in the second affidavit "that the exhibits are true copies of the originals and that they will be used in trial against the defendants," does not transform the exhibits into admissible evidence. See, e.g., Pan-Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 556-57 (5th Cir.1980), cert. denied, 454 U.S. 927 (1981).
 
 
 15
 The district court concluded that Reed's affidavits did not transform Reed's exhibits into admissible evidence because the affidavits were not made under oath. We agree. Although both affidavits contain initial representations that the statements which follow are being made "under oath" or "under penalty of perjury," the possibility of perjury is negated by the statement, in both affidavits, that the matters referred to "are true on information and belief." This form of verification is insufficient for purposes of opposing a motion for summary judgment. Price v. Rochford, 947 F.2d 829, 832 (7th Cir.1991); Visser v. Packer Eng'g Assoc., Inc., 924 F.2d 655, 659 (7th Cir.1991); Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir.1988).
 
 
 16
 Reed submits that, because he is a pro se litigant, the district court should have overlooked these deficiencies and considered the exhibits. We disagree. While a district court, in considering the allegations in a pro se litigant's complaint, must overlook the fact that the allegations are unartfully pleaded, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), this does not mean that the court, in considering materials filed in opposition to a motion for summary judgment, should overlook the requirement of Federal Rule of Civil Procedure 56(e) that affidavits be made on personal knowledge and set forth facts as would be admissible in evidence. The "liberal construction" afforded the pleadings of pro se litigants cannot be used as a mechanism for avoiding federal rules of evidence and civil procedure.
 
 
 17
 Reed's claim that the district court did not allow him sufficient time in which to complete discovery has no merit. Reed did not attempt to obtain discovery from any of the defendants. While he referred in his affidavit filed in opposition to the defendants' second motion for summary judgment to the prospect of obtaining information through discovery, he never moved to compel discovery or asked the court to delay ruling on the motion for summary judgment pending further discovery. See Fed.R.Civ.P. 56(f).
 
 
 18
 The district court's denial of Reed's motion for a preliminary injunction ordering the defendants to return Reed's legal materials did not prejudice Reed's ability to respond to the defendants' second motion for summary judgment. In opposition to Reed's motion, the defendants filed the sworn affidavit of Lyle Hatton, the Administrative Assistant to the Superintendent at Westville Correctional Center. In this affidavit, Hatton stated that Reed lent four boxes of legal materials to a friend over one year earlier. A personal property release form for the legal materials, which was signed by Reed, was attached to the affidavit. Hatton also stated in the affidavit that no legal materials had been confiscated from Reed. Reed did not file an affidavit disputing Hatton's statements but instead filed a brief in which he claimed that Hatton's statements were untrue. He makes the same argument on appeal. Because undisputed evidence establishes that the defendants did not confiscate Reed's legal materials, Reed's ability to oppose the defendants' second motion for summary judgment was not hindered by the district court's decision not to issue an injunction ordering the defendants to return confiscated legal materials to Reed.[1]
 
 
 19
 Reed contends that the defendants were not entitled to summary judgment on his claim for injunctive relief from allegedly inadequate medical care and on his claim that the defendants retaliated against him for filing complaints and grievance reports about conditions in the prison. We review the grant of summary judgment de novo. Duane v. Lane, 959 F.2d 673, 675 (7th Cir.1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 20
 We agree with the district court that the Agreed Entry in Anderson v. Orr, No. S83-481 (N.D.Ind. Jan. 17, 1989), bars Reed's claim for injunctive relief based upon allegedly inadequate medical care. "Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action." McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991); see Long v. Collins, 917 F.2d 3, 4-5 (5th Cir.1990); Groseclose v. Dutton, 829 F.2d 581, 584 (6th Cir.1987); Goff v. Menke, 672 F.2d 702, 704 (8th Cir.1982). Anderson was a class action brought on behalf of "all present and future offenders of the Westville Correctional Center" challenging conditions at the prison. Reed maintains that the Agreed Entry which settled Anderson does not address his claim that he is denied access to sick call and doctors for eight to ten days at a time. We disagree. The Agreed Entry provides that "[t]here shall be a minimum of four (4) full-time licensed physicians employed at Westville no later than August 1, 1989," and that "[a] sick call system shall be developed and implemented at Westville by August 1, 1989, whereby each offender in general population shall have access to sick call at least four (4) days per week.... Staffing of nurses for coverage of sick call shall assure continuous supervision of nursing functions by a registered nurse. Licensed medical personnel shall be available to respond to medical complaints on a twenty-four (24) hour basis. Routine referrals to a physician (i.e. those involving non-emergency matters) ordinarily may proceed on a schedule whereby the offender shall be seen by a physician within five (5) working days.... [I]n those cases where it is medically indicated, non-emergency conditions shall be seen by a physician on a more expedited schedule than five days."
 
 
 21
 Reed also contends that the Agreed Entry does not address his claim that he is forced to travel through inclement weather to and from the infirmary for medication although he suffers from severe arthritis and nerve damage. Again, we disagree. The Agreed Entry provides for the creation of a chronic care unit "for the housing and supervision of physically handicapped and chronically ill offenders whose conditions seriously restrict their ability to function adequately in the prison's general population." Thus, if a physician were to determine that Reed suffers from a severe condition that does not permit him to travel to and from the prison's infirmary, Reed could be placed in the chronic care unit.
 
 
 22
 Finally, we agree with the district court that the defendants are entitled to summary judgment on the claim that they retaliated against Reed because Reed filed complaints and grievance reports about conditions at the prison. An act taken in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper. Mount Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283 (1977). To state a claim of retaliation, a plaintiff must allege a chronology of events from which retaliation may be inferred. Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987). Alleging merely the ultimate fact of retaliation is insufficient. Benson v. Cady, 761 F.2d 335, 342 (7th Cir.1985). Reed alleges only the ultimate fact of retaliation: that he "was forced to perform heavy duty tasks" in retaliation for his filing of complaints and grievance reports. He has failed to show a chronology of events from which retaliation may be inferred.
 
 
 23
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Reed also argues that the district court abused its discretion in granting the defendants a motion for enlargement of time to March 23, 1993, in which to file a dispositive motion. This argument lacks merit because, although the defendants filed such a motion, the court never granted it since, at the time the defendants filed the motion, their second motion for summary judgment and Reed's motion in opposition were before the court and were ripe for decision