**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-60151
Summary Calendar

ALAN McFADDEN, ET AL.,

Plaintiffs-Appellants,

versus

RONALD WELCH, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Mississippi
(4:93-CV-131-D-D)

(June 15, 1995)

Before POLITZ, Chief Judge, DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs, inmates of the Mississippi State Prison, appeal the dismissal as frivolous of their *pro se in forma pauperis* civil rights complaint. Finding no error, we affirm.

Background

The plaintiffs are seven unnamed class members in **Gates v.**

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

**Collier**,[1] an ongoing class action before Chief Judge L.T. Senter in the Northern District of Mississippi, challenging allegedly unconstitutional conditions and practices in the state penitentiary. The Mississippi Department of Corrections, the **Gates** defendant, filed a Motion to Certify Administrative Remedy Program pursuant to 42 U.S.C. § 1997e, the Civil Rights of Institutional Persons Act, and 28 C.F.R., part 4. Plaintiffs contend that they submitted written objections opposing the certification to the court and to attorneys for each side. Ronald R. Welch, the attorney for the **Gates** plaintiffs, informed the district court that there was no objection to the motion, and the court signed an order certifying the Administrative Remedy Program and providing that it would begin on April 18, 1994.[2]

The plaintiffs filed the instant civil rights suit against Judge Senter, Welch, and the MDOC, alleging that the Administrative Remedy Program did not meet the minimum requirements of CRIPA, and that the defendants conspired to implement the unlawful grievance procedure.[3] They sought declaratory and injunctive relief. Concluding that it lacked jurisdiction to modify or set aside the **Gates** certification order, and that Judge Senter was entitled to

---

[1]GC71-6-S-D.

[2]The certification order, signed on April 18, 1994, provided that the court would not entertain MDOC inmates' complaints or grievances unless they first exhausted remedies as provided in the Administrative reviews procedure.

[3]The suit was brought under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and 1997 to secure rights protected by the first, fifth, and fourteenth amendments.

absolute immunity, the district court dismissed the action with prejudice for failure to state a claim on which relief could be granted.  The plaintiffs timely appealed.

## Analysis

Because this case was dismissed *sua sponte* prior to service of process on the defendants, we treat it as a 28 U.S.C. § 1915(d) dismissal,[4] and review under the abuse of discretion standard.[5]  The district court properly denied the plaintiffs' attempt to collaterally challenge the **Gates** order.[6]  The order can be challenged on direct appeal.  Moreover, the plaintiffs' claim that the defendants conspired to implement an unlawful Administrative Remedy Program, and corresponding request that the United States Attorney file criminal conspiracy charges was properly dismissed, as it lacks an arguable basis in both fact and law.[7]

The judgment of the district court is AFFIRMED.

---

[4]See **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985).

[5]**Ancar v. Sara Plasma, Inc.**, 964 F.2d 465 (5th Cir. 1992).

[6]See e.g., **Gillespie v. Crawford**, 858 F.2d 1101 (5th Cir. 1988) (explaining that, to ensure orderly administration of a class action and prevent inconsistent adjudications, individual class members are barred from pursuing separate lawsuits seeking equitable relief within the class action subject matter).

[7]**Ancar.**

3