William Steed KELLEY, Jerome A. Marks, Thomas E. Morbach, and Joseph A. Richard, Appellants,

v.

Wayne SCOTT, et al., Appellees.

No. 14–99–00426–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 25, 2001.

William S. Kelley, Tennessee Colony, pro se.

Jerome A. Mark, Beeville, pro se.

Thomas E. Morbach, Huntsville, pro se.

Joseph A. Richard, Huntsville, pro se.

M. Lawrence Wells, Austin, for appellees.

Panel consists of Justices YATES, WITTIG, and FROST.

## CORRECTED OPINION

YATES, Justice.

William Steed Kelley, Jerome A. Marks, Thomas E. Morbach, and Joseph A. Richard, appellants, appeal from an order dismissing their *pro se, in forma pauperis* suit. On our own motion, we withdraw the opinion issued November 30, 2000, and issue this corrected opinion affirming in part and reversing and remanding in part.

Appellants are inmates in the Texas Department of Criminal Justice—Institutional Division ("TDCJ–ID"). Appellants filed suit against appellees alleging violations of 42 U.S.C. § 1983 and their constitutional rights. Their claims were based on the application and enforcement of TDCJ–ID's reformed administration segregation plan.

The trial court, having considered the pleadings of the plaintiffs and the testimony at the hearing, entered the following order:

> It is hereby ORDERED that his case is STAYED for a period of ninety (90) days to allow Plaintiffs to bring their claims regarding the constitutionality of TDCJ's current administrative segregation plan to the attention of the *Ruiz* court, either through intervention in the class action or through the class representative and attorney. In order to proceed with this suit, Plaintiffs [sic] must obtain a ruling or other order from the *Ruiz* court refusing jurisdiction over their claims ... Should the *Ruiz* court decline to hear the issues raised by the Plaintiffs, then this Court will consider whether to exercise jurisdiction over the matter. Failure to comply with this Order may result in dismissal of the case.

This order was signed on September 14, 1998. On December 16, 1998, the trial court entered an order dismissing appellants' suit. In that order, the trial court specifically stated that it was dismissing appellants' suit because matters raised in the suit have been "preempted by *Ruiz*," and appellants made no attempt to intervene in the *Ruiz* suit as ordered. Appellants then perfected this appeal.

■ We begin our review by noting that only appellant Kelly signed the brief filed in this appeal. Neither Marks, Morbach, nor Richard signed the appellate brief. The Texas Rules of Appellate Procedure provide, in pertinent part: "A party not represented by counsel must sign any document that the party files...." TEX. R.APP.P. 9.1(b). Kelly, an inmate and non-lawyer, may not "represent" Marks, Morbach, or Richard in this appeal. Thus, these three "appellants" have not filed a brief or raised any points or issues for review by this court. Accordingly, there is nothing for this court to review and the trial court's judgment is affirmed as to Marks, Morbach, and Richard. Based on this finding, we will review the points of error raised by Kelly on his own behalf and issue a holding only as to him.

On appeal, Kelly raises numerous points of error contesting the trial court's decision to dismiss his appeal. In one of the arguments under his first point of error, Kelly claims the trial court erred in dismissing his appeal because he did not comply with the order requiring him to attempt to intervene in the *Ruiz* suit. We disagree with Kelly's contention in part.

*Ruiz v. Estelle,* was a class action initiated by Texas prisoners to challenge the conditions of their confinement at the Texas Department of Corrections, now known as the Texas Department of Criminal Justice—Institutional Division. 503 F.Supp. 1265 (S.D.Tex.1980), *aff'd in part and rev'd in part,* 679 F.2d 1115 (5th Cir.1982), *amended in part and vacated in part,* 688 F.2d 266 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). The litigation resulted in a com-

prehensive adjudication of the constitutional rights of the prisoners. *See id.*

While the Fifth Circuit once required that all cases filed in the United States District Courts of Texas complaining of prison conditions be transferred to the *Ruiz* court, *Johnson v. McKaskle,* 727 F.2d 498, 501–02 (5th Cir.1984), that court later issued an administrative order ending this policy. *Savidge v. Fincannon,* 784 F.2d 186, 186–87 (5th Cir.1986). Thus, as of 1986, the Fifth Circuit no longer required that all inmate complaints about the conditions in the Texas Department of Criminal Justice—Institutional Division be transferred to the *Ruiz* court. *Savidge,* 784 F.2d at 186–87. In 1988, however, the Fifth Circuit reversed, in part, its position on this issue. In *Gillespie v. Crawford,* the Fifth Circuit held that individual claims brought by inmates, which requested *equitable and declaratory relief* from allegedly unconstitutional Texas prison conditions, could not be maintained as a separate action from *Ruiz.* 858 F.2d 1101, 1103 (1998). The court reasoned that to allow these individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications. *Id.* Thus, after *Gillespie,* any inmate suits requesting equitable or declaratory relief relating to an inmate's condition of confinement had to be brought as part of the *Ruiz* litigation. *Id.* This holding does not apply, however, to individual legal claims brought by inmates in which damages are requested. *Gilbert v. Texas Mental Health and Mental Retardation,* 888 F.Supp. 775, 778 (N.D.Tex.1995) (recognizing that *Gillespie* did not address issue of individual damage suits and declining to expand *Gillespie* to bar such suits).

■ In his petition, Kelly sought equitable, declaratory, and monetary legal relief. Under the holding in *Gillespie,* Kelly cannot maintain his individual claims for equitable and declaratory relief; rather, he must assert those claims by urging further action through the *Ruiz* class representative and attorney or by intervention in *Ruiz. See Gillespie,* 858 F.2d at 1103. Thus, the trial court did not err in dismissing Kelly's claims for equitable and declaratory relief.

As to his legal claims for damages, however, the trial court erred in requiring Kelly to intervene in *Ruiz* and in dismissing these claims for failing to do so. *Gillespie* has not been extended to legal claims seeking damages, and, in fact, a Texas federal district court has specifically refused to extend the holding to include individual damage claims. *Gilbert,* 888 F.Supp. at 778. Thus, we hold the trial court erred in dismissing Kelly's legal claims, i.e., those for which he sought monetary damages, for failing to comply with the order requiring him to attempt to intervene in *Ruiz.*

In conclusion, we: (1) affirm the trial court's order dismissing the claims brought by Marks, Morbach, and Richard; (2) affirm the trial court's order dismissing Kelly's claims for equitable and declaratory relief; and (3) reverse the trial court's order dismissing Kelly's legal claims for monetary damages and remand the cause to the trial court with orders to reinstate Kelly's suit as to these claims.