United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20671
Summary Calendar

_____

JOSEPH D. DUPLANTIS; JOHN HEGNET,

Plaintiffs-Appellants,

versus

EDUARDO CARMONA, Warden; GARY L. JOHNSON, Director,
Texas Department of Criminal Justice, Institutional Division;
MAC STRINGFELLOW, Chairman,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4491
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Joseph D. Duplantis, Texas prisoner #871610, and John Hegnet, Texas prisoner #541126, appeal from the dismissal of their 42 U.S.C. § 1983 action as frivolous, pursuant to 28 U.S.C. § 1915A(b). Duplantis and Hegnet contend that Administrative Directive 03.72, which governs the amount of storage space available to prisoners, violates the Due Process and Equal Protection Clauses.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review dismissals under 28 U.S.C. § 1915A de novo. *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). A complaint can be dismissed as frivolous "if it lacks any arguable basis in law or fact." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). In addressing a previous version of the storage regulation, we stated that it was "highly dubious that a facially neutral prison storage space limitation" violated a prisoner's exercise of constitutional rights. *See Long v. Collins*, 917 F.2d 3, 4 (5th Cir. 1990). Duplantis and Hegnet have failed to show that A.D. 03.72 violates the Due Process Clause.

Duplantis and Hegnet's contention that the directive violates equal protection because prisoners on older units are disadvantaged relative to prisoners on newer units relies purely on the disparate impact of the directive and therefore is unavailing. *See United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992). Duplantis and Hegnet do not allege facts suggesting that they were similarly situated to prisoners in those portions of their prison unit that were exempted from a major shakedown designed to implement the directive; the district court therefore did not err by dismissing their equal protection claim as frivolous. *See Hilliard v. Board*

*of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir. 1985). Because the district court did not err by dismissing the action as frivolous, Duplantis and Hegnet's contention that they were entitled to injunctive relief is moot.

Duplantis and Hegnet's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal therefore is dismissed. 5TH CIR. R. 42.2. The district court's dismissal of the current case and this court's dismissal of the appeal count as two strikes against Duplantis and Hegnet for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Duplantis and Hegnet are warned that once they accumulate three strikes, they may not proceed in forma pauperis (IFP) in any civil action or appeal unless they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2. 28 U.S.C. § 1915(g) SANCTION WARNING IMPOSED.