United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60230
Summary Calendar
_____

WILSON WHITE,

                                        Plaintiff-Appellant,

versus

CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS, In His Official and Individual Capacities;
MICHAEL WILSON, MSP Superintendent, In His Individual
Capacity; LAWRENCE KELLY, MSP Superintendent, In His Official
Capacity; DWIGHT PRESLEY, Warden, In His Official and
Individual Capacities; IMAM LUQMAN, Muslim Chaplain, In His
Official and Individual Capacities; E. L. SPARKMAN, Deputy
Commissioner, In His Official and Individual Capacities,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-162-MB
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Wilson White, Mississippi prisoner # 48913, seeks to proceed

in forma pauperis (IFP) on appeal from the district court's

dismissal without prejudice of his 42 U.S.C. § 1983 complaint for

failure to state a claim.  In his complaint, he sought equitable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and monetary relief for alleged violations of his constitutional rights and the Religious Land Use and Institutionalized Persons Act (RLUIPA) of 2000, 42 U.S.C. § 2000cc-1 et seq. White alleged that the appellees restricted his right to free exercise of religion.

By moving for leave to proceed IFP, White is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). White's motion for IFP is GRANTED.

The district court concluded that the rule announced in Gillespie v. Crawford, 858 F.2d 1101 (5th Cir. 1988) (en banc), required that White's claims be dismissed since they dealt with conditions of confinement at Parchman. This conclusion was correct insofar as it concerned White's claims for equitable relief. See id. at 1102-03. Moreover, White's transfer off the Parchman Unit mooted such claims. See Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). Thus, this portion of the district court's judgment is AFFIRMED.

However, White is not seeking equitable relief only, but is also seeking compensatory and punitive damages. To the extent that the district court dismissed such claims pursuant to Gillespie, this was error. Also, the district court failed to address White's claim that the appellees' failure to accommodate his religious practices and rituals violated RLUIPA. Whether the

facts ultimately will prove such a claim is not a question to be answered at this stage of the proceedings.  See <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983).  The district court's dismissal of White's claims for monetary relief and relief under RLUIPA is VACATED and REMANDED for further proceedings.

MOTION FOR IFP GRANTED; AFFIRMED IN PART; VACATED AND REMANDED IN PART.