# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 24, 2012

Lyle W. Cayce
Clerk

No. 11-40254
Summary Calendar

ROBERT MCINTOSH,

Plaintiff-Appellant

v.

WARDEN RAYMOND THOMPSON; PROPERTY OFFICER D. WHITTEN;
LAW LIBRARY SUPERVISOR DAN GANNON; PROPERTY OFFICER JOHN
MARCUM; PHILLIP PENNINGTON; FORMER ASSISTANT WARDEN S.
SWIFT,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-444

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Robert McIntosh, Texas prisoner # 795107, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim on which relief may be granted. In his complaint, McIntosh alleged that the defendants denied him meaningful access to the courts by confiscating and destroying his legal property.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McIntosh maintains that the district court erred by dismissing his claims of denial of access to the courts.  He contends that the defendants were required by prison regulations to return his legal property within seven days after it was confiscated and that their failure to return it violated his right of meaningful access to the courts.  He asserts that the defendants' confiscation and destruction of his legal property prevented him from amending his state habeas corpus application and from filing a suit for breach of contract against a civil attorney.  He also insists that he was unable to amend his state habeas corpus application to add a claim that his counsel was ineffective for not challenging biased members of the jury pool who eventually were seated on the jury.  And, he contends that he was unable to file the breach of contract lawsuit because the confiscated legal property included his contract with the attorney whom he intended to sue.

At a hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), McIntosh acknowledged that the issue surrounding the confiscation and destruction of his legal property was that he had too much legal property. McIntosh's allegations and testimony showed that 16 boxes of legal property were destroyed, that he had several more boxes of legal property at the prison, that he had sent five boxes of legal property to the district court, and that he had sent an additional 400-500 pounds of legal property away from the prison. McIntosh alleged that the destroyed legal property included trial transcripts, divorce transcripts, property records, and legal paperwork from old cases. Noting that prison regulations provided that there was no set limit on the amount of legal property that an inmate could keep, he nevertheless acknowledged that extra boxes for legal property would only be issued to a prisoner if the legal property involved an active case.

We have previously held that it seems "highly dubious that a facially neutral prison storage space limitation of *four cubic feet* might in any way restrict a prisoner's exercise of constitutional rights, especially considering the

obvious space limitations in a prison setting." *Long v. Collins*, 917 F.2d 3, 4 (5th Cir. 1990). As McIntosh's allegations show that he was allowed to keep a large amount of legal property and that the confiscation and destruction of some of his legal property resulted from the large quantity of legal property he had, it is "highly dubious" that McIntosh's constitutional rights were restricted. *Id.*

Even if McIntosh's constitutional rights had been restricted, he failed to allege sufficiently that he suffered an injury in fact, which is required to state a claim for denial of meaningful access to the courts. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). His assertion that he was prevented from filing a lawsuit against a civil attorney is insufficient because the right of access to the courts extends only to claims challenging a conviction, sentence, or conditions of confinement. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996).

Even though McIntosh also alleged that the actions of the defendants prevented him from amending his state habeas corpus application to add an ineffective assistance of counsel claim, he did not sufficiently allege how the confiscation and destruction of his legal property prevented him from amending his state habeas corpus application. McIntosh acknowledged that he filed his state habeas corpus application in 2002, and he alleged that he spent two to four hours a day, five days a week, for four years researching the ineffective assistance of counsel issue. McIntosh was able to raise the ineffective assistance of counsel claim succinctly in the district court in the instant case without any of the legal property that had been destroyed. Although McIntosh averred at the *Spears* hearing that he needed his legal property because he knew nothing about law and had to rely on other inmates to help him, he never explained how he would have been able to amend his state habeas corpus application if he had his legal property after it was first confiscated on October 16, 2007, given that he was not able to amend it during the four years he allegedly spent working on the

claim while his state habeas corpus application was pending. McIntosh's conclusional allegation that the confiscation and destruction of his legal property prevented him from amending his state habeas corpus application was insufficient to state a constitutional claim under § 1983. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).

McIntosh did not plead "enough facts to state a claim to relief that [was] plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation excluded). Accordingly, the district court did not err in dismissing McIntosh's complaint. *See id.*; 28 U.S.C. § 1915A(b).

The district court's dismissal of McIntosh's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We caution McIntosh that if he accumulates three such strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.