David R. RUIZ, et al., Plaintiffs-Appellees,

United States of America, Intervenor-Appellee,

v.

W. J. ESTELLE, Jr., et al., Defendants-Appellants.

Nos. 81–2224, 81–2380 and 81–2390.

United States Court of Appeals, Fifth Circuit.

Sept. 16, 1982.

Mark White, Atty. Gen. of Tex., Douglas M. Becker, Ed Idar, Jr., Kenneth L. Petersen, Jr., Asst. Attys. Gen., Pike Powers, Austin, Tex., Lee C. Clyburn, William R. Pakalka, Jerry E. Smith, Houston, Tex., Keith A. Jones, Washington, D. C., for defendants-appellants.

Donald W. Jackson, Asst. County Atty., Edward J. Landry, Houston, Tex., for Heard.

2. A copy of the Fifth Circuit's per curiam opin-    ion of July 12, 1982 is attached.

William Bennett Turner, San Francisco, Cal., Steven L. Winter, Joel Berger, Jack Greenberg, New York City, Samuel T. Biscoe, Dallas, Tex., for Ruiz, et al.

James Wiginton, Angleton, Tex., Donna Brorby, San Francisco, Cal., for L. D. Hilliard.

David J. W. Vanderhoff, Senior Trial Atty., Dennis J. Dimsey, Atty., W. Bradford Reynolds, Appellate Section, Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for the U. S. A.

David Crump, Law School, University of Houston, Susan E. Waite, The Legal Foundation of America, Houston, Tex., for amicus curiae The Legal Foundation of America.

Alvin J. Bronstein, Washington, D. C., for amicus curiae ACLU—Nat. Prison Project.

## ON PETITION FOR REHEARING

(Opinion June 23, 5 Cir., 1982, 679 F.2d 1115)

Before CLARK, Chief Judge, RUBIN and TATE, Circuit Judges.

PER CURIAM:

After an opinion was rendered in this case, *Ruiz v. Estelle*, 679 F.2d 1115 (5th Cir. 1982) (hereinafter cited by volume and page number only), counsel for the plaintiffs-appellees, a class comprising the inmates confined in the various institutions operated by the Texas Department of Corrections ("TDC"), filed a petition for rehearing. It tells us, for the first time, that the parties disposed of one of the issues after it was briefed, argued, and submitted, and before the court issued its opinion. The petition also seeks reconsideration of other issues. We consider these points separately.

I

The parties resolved the Huntsville Unit Hospital issue several months before we issued our opinion in this case. In accordance with the request made by the inmate class and acquiesced in by the defendants, we vacate Parts 6.6 and 11.5(2) of the panel opinion, 679 F.2d at 1149–50, 1165, which treat that issue.

II

The plaintiffs assert that the parties have agreed to a TDC fire safety plan that has been tentatively approved by the district court. Nothing contained in our opinion intimates that this agreement, never previously called to our attention, should be set aside, whether or not the fire safety provisions of the prior district court decree are affirmed. Accordingly, without setting aside our prior determination on this issue, *see* Parts 6.8, 11.5(5), 679 F.2d at 1152–53, 1165, we state expressly that the parties are not precluded from obtaining the district court's approval of a remedial order that grants additional relief. *Cf. United States v. City of Miami*, 664 F.2d 435, 447 (5th Cir. 1981) (en banc) (plurality opinion) ("[T]he parties to litigation are not to be deprived of the opportunity to compose their differences . . . .").

III

Our ruling that double-celling of inmates in administrative segregation does not constitute cruel and unusual punishment, Parts 6.7, 11.5(3), 679 F.2d at 1150–51, 1165, was based only on the record before us. It was not intended to preclude either party from seeking further relief. Accordingly, our opinion is amended so that Part IV(C)(3) of the district court's decree is vacated without prejudice.

IV

We adhere to our holding that the direction to TDC to use good time, parole, and furlough programs was unduly intrusive. We fail to perceive how, under the district court's decree, even as modified by us, TDC will again become so overcrowded as to warrant such intrusion, for the decree contains specific provisions that limit prison population. TDC's problem will be whether there are facilities permitting the admission

of inmates, not the method of discharging inmates. However, should TDC fail to comply with the district court's decree, and the inmate population be increased beyond the number authorized by the space requirements of the decree, and should TDC fail to remedy the situation, our order shall not preclude the direction of specific remedies.

## V

Sua sponte, we clarify the references in our opinion to the time within which either party may seek changes in the district court's decree. Application for such changes may be filed after the decree, as modified by us, has been in force for one year, and the hearing shall be held in due course thereafter.

In all other respects the petition for rehearing is DENIED.