770 F.2d 168
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEON CHARLES WHITE, JR., PLAINTIFF-APPELLANT,
v.
JACK BERGMAN; AND JOSEPH GREGORICH, DEFENDANTS-APPELLEES.
 NO. 85-1175
 United States Court of Appeals, Sixth Circuit.
 7/19/85
 
 W.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: CONTIE, WELLFORD and MILBURN, Circuit Judges.
 
 
 1
 Plaintiff-appellant moves for the appointment of counsel on appeal from a judgment granting summary judgment for defendants in a civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff is an inmate of the Michigan Intensive Program Center (MIPC) at Marquette, Michigan. On June 7, 1984, he filed the present civil rights action seeking damages against the superintendent and deputy superintendent of that facility. Plaintiff alleges in his complaint that he is being subjected to cruel and unusual punishment at MIPC because of the following conditions:
 
 
 3
 1. Being locked in a cell 23 hours and eight minutes a day;
 
 
 4
 2. Being permitted to go outside only one day per week;
 
 
 5
 3. Being allowed only one seven-minute shower five days per week;
 
 
 6
 4. Receiving only 45 minutes of yard privileges per day;
 
 
 7
 5. Being served all meals in his cell;
 
 
 8
 6. Being denied radio, television, suitable clothing and hard shoes;
 
 
 9
 7. Being permitted only two outgoing telephone calls per month at ten minutes per call;
 
 
 10
 8. Being allowed to speak with his attorney by phone only if the attorney agrees in writing or verbally to accept the call;
 
 
 11
 9. Being forced to use yard time playing basketball because no other recreational activities are available.
 
 
 12
 The district court examined the parties' motions for summary judgment and the affidavits and exhibits attached thereto. The court concluded that the conditions of which plaintiff complained did not violate the Eighth Amendment and granted summary judgment for defendants.
 
 
 13
 This Court has examined the record on appeal and has concluded that the district court's decision was correct as a matter of law. There are no rigid standards as to what does or does not amount to cruel and unusual punishment; conditions of confinement must be evaluated against evolving standards of decency that mark the progress of a maturing society. Blake v. Hall, 668 F.2d 52 (1st Cir. 1981), cert. denied, 456 U.S. 983 (1982). Courts generally decline to find an Eighth Amendment violation unless the conditions of confinement can properly be termed 'barbarous,' Robinson v. California, 370 U.S. 660, 676 (1962) (Douglas, J., concurring), or 'shocking to the conscience.' Rochin v. California, 342 U.S. 165, 172 (1952). Each case presents a different situation, and the 'totality of the circumstances' must be considered in reaching a decision. Ruiz v. Estelle, 679 F.2d 1115, 1153 (5th Cir. 1982), amended in part, vacated in part on other grounds, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042 (1983).
 
 
 14
 Under the totality of the circumstances of the present case, we find that the conditions of plaintiff's confinement are not so barbarous or shocking to the conscience as to amount to cruel and unusual punishment.
 
 
 15
 Accordingly, because the questions on which decision of this cause depends are so unsubstantial as not to need oral argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 16
 It is ORDERED that plaintiff's motion for the appointment of counsel is denied and the judgment of the district court is hereby affirmed.