Mario C. **MARTINEZ**,
Plaintiff–Appellant,

v.

James **GRIFFIN**, et al.,
Defendants–Appellees.

No. 87–6194
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 23, 1988.

Mario C. Martinez, pro se.

Robin Sanders, Jim Mattox, Atty. Gen., Austin, Tex., for defendants-appellees.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

Appellant is an inmate at the Texas Department of Corrections. He filed suit pro se and in forma pauperis against prison officials whose positions related directly to the food service at the prison. Appellant has a peptic ulcer, and he claims that the treatment and diet have been inadequate for his condition. He was given a full *Spears* hearing, *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). There was evidence at the hearing that he was receiving adequate medication and treatment, that adequate foods were available in the prison diet for someone with peptic ulcer, and that his complaints about the foods were based upon certain foods available to prisoners which he knew he should not eat.

Appellant's suit was dismissed under a finding, clearly supported by the evidence, that he had not suffered "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985). Appellant's case was dismissed with prejudice as frivolous, 28 U.S.C. § 1915(d).

Following the hearing, appellant filed affidavits in the form of letters to the district judge making various claims of retaliation and improper conduct on the part of prison officials raising questions wholly unrelated to the medical care complaints against defendants in the case. The district court properly made no evaluation of these extrajudicial affidavits.

This case is one of an increasing number of examples of attempts by prisoners to use the courts as a general grievance procedure to complain about whatever matters

having to do with their incarceration they do not like. The courts are not the administrators of the prisons. The courts are not the general administrative grievance procedures set up to hear prisoner complaints. The jurisdiction of the federal courts basically is limited in the case of the treatment of state prisoners to violations of the United States Constitution and civil rights acts in suits brought under 42 U.S.C. § 1983.

It is not for the federal courts to second-guess what is obviously careful diagnosis and adequate medical treatment just because a prisoner finds something to be unhappy about. Then having failed on that claim, this prisoner undertook to throw in other claims about mistreatment which have nothing to do with this particular case. The entire case is frivolous and has wasted the time of the district court and this Court. If there were an effective way to assess a monetary sanction against this defendant-prisoner, the Court would do so. The record indicates this prisoner has no money at all in a prison account.

The motion for appointment of counsel must be denied, and the final judgment of the district court dismissing the case with prejudice as frivolous must be affirmed.

APPOINTMENT OF COUNSEL DENIED.

AFFIRMED.