972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph George FINOCCHI, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS FOR the STATE OF ARIZONA Defendant,
and
Maricopa County Jail, Defendant-Appellee.
 Nos. 90-15374, 90-15420.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1992.*
Decided July 17, 1992.
 
 Before JAMES R. BROWNING, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Finocchi filed pro se a civil rights action under 42 U.S.C. § 1983 alleging that conditions of overcrowing at the Maricopa County Jail violate the Eighth Amendment of the U.S. Constitution. The district court denied Finocchi's motions for summary judgment and for a preliminary injunction and granted Maricopa County's cross-motion for summary judgment.[1] Finocchi appeals the district court's decision on the summary judgment motions.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's order granting summary judgment to Maricopa County.
 
 BACKGROUND
 
 4
 Finocchi was incarcerated at the Maricopa County Jail for 55 days in a cell measuring 17 by 7.5 feet along with up to 7 other prisoners. Finocchi alleged initially that he was kept under 24-hour lockdown, but his reply brief appears to concede that he had access to a dayroom shared with up to 15 other inmates and to recreation. Finocchi also asserts that conditions at the jail were unsanitary. According to Finocchi, his cell had one toilet and sink and no hot water, and the plumbing system did not function properly. Finally, Finocchi claims that the jail poses a fire hazard because it has no sprinkler system and inmates' mattresses are spread on the floor because of overcrowding.
 
 
 5
 Finocchi complained to jail officials and requested a transfer to the Arizona Department of Corrections. Jail officials told Finocchi that he would be transferred as soon as possible, but that the wait could be up to ninety days because the state system was overcrowded.
 
 
 6
 Some of the facts alleged by Finocchi are disputed by Maricopa County Jail officials. County Jail officials assert that between two and eight inmates were housed in Finocchi's cell during the 55-day period of his incarceration. The officials also maintain that Finocchi and his cellmates, along with the inmates housed in an adjoining "eight-man cell," had access to a dayroom. The dimensions of the dayroom are not described, though officials say that it has two sinks, two showers, and a toilet.[2] According to jail officials, Finocchi and his cellmates were offered one hour of recreation daily and asked each day if they wanted a shower. Jail officials assert, however, that Finocchi's cell refused recreation approximately half the number of times it was offered. Neither the county's brief nor the district court's order mention Finocchi's allegations about fire hazards at the jail.
 
 DISCUSSION
 
 7
 We review a district court's decision granting summary judgment de novo. State Farm Fire and Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir.1989). Summary judgment is proper under the federal rules "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has interpreted Rule 56(c), entry of summary judgment is mandated,
 
 
 8
 after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
 
 
 9
 Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).
 
 
 10
 In this case, the district court found that there was no genuine dispute of material fact and that the parties substantially agreed as to what the conditions were of plaintiff's stay at the jail. Dist.Ct.Op. at 2-3; ER at 38-9. The district court concluded that the only question was whether Finocchi had a viable legal claim. Op. at 3; ER at 39. The district court found that he did not. Although we have some reservations about the district court's decision, we affirm on the grounds that Finocchi did not allege facts sufficient to survive summary judgment.
 
 
 11
 Overcrowding is not unconstitutional per se. Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir.1984) (citing Rhodes v. Chapman, 452 U.S. 337 (1981)); Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir.1982). The extent or the effects of overcrowding may be severe enough to constitute unnecessary and wanton infliction of pain and contrary to evolving standards of decency. Toussaint, 722 F.2d at 1492 (discussing various aspects of jail conditions and distinguishing those found constitutional in Rhodes ); Hoptowit, 682 F.2d at 1249 (Overcrowding "may dilute other constitutionally required services such that they fall below the minimum Eighth Amendment standards, and [overcrowding] may reach a level at which the shelter of the inmates is unfit for human habitation."); see Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992) (setting out test for evaluating Eighth Amendment claims).
 
 
 12
 Overcrowding may therefore establish the basis for an Eighth Amendment violation. Although an Eighth Amendment violation may not be predicated on a totality of circumstances, those circumstances provide a useful context for evaluating the severity of overcrowding. Hoptowit, 682 F.2d at 1246-49. In Rhodes, the Supreme Court relied heavily on evidence that jail facilities were modern, well-lit and ventilated when it rejected an Eighth Amendment challenge based on double-celling of inmates in cells measuring approximately 63 square feet. Rhodes, 452 U.S. at 340-42, 347-48.
 
 
 13
 By contrast, the district court's order provides very little indication of the overall state of facilities at the Maricopa County Jail. The district court points out correctly that analysis of square footage is not dispositive. See Hoptowit, 682 F.2d at 1249 ("It is certainly error to rely exclusively on per capita square footage recommendations."). Nonetheless, square footage is not irrelevant, particularly where inmates spend little or no time outside the cell or where conditions in the jail overall are so crowded that time spent out of the cell provides no relief. See Ruiz v. Estelle, 503 F.Supp. 1265, 1277 (S.D.Tex.1980), modified on other grounds, 679 F.2d 1115, 1146-48 (5th Cir.1982) (modifying the remedial measures ordered by the district court to reduce overcrowding), amended in part and vacated in part on other grounds, 688 F.2d 266, and cert. denied, 460 U.S. 1042 (1983).
 
 
 14
 As we held in Hoptowit, the effects of overcrowding on other constitutionally mandated services may also constitute an Eighth Amendment violation. Finocchi alleges that he was subject to unsanitary conditions because of overcrowding. County jail officials deny this allegation. The district court concluded that no material dispute of fact existed because even if the plumbing in the dayroom did not function, Finocchi did not allege specifically that the plumbing in his cell did not work. This is not entirely reassuring, but Finocchi's contention about unsanitary facilities at the Maricopa County Jail is so general that it is difficult to detect the sort of affirmative showing needed to survive summary judgment.
 
 
 15
 The district court's decision to grant summary judgment to the county was also based in part on the relatively short period of incarceration spent by inmates in the Maricopa County Jail. On appeal, the county relies heavily on the fact that conditions at the jail are temporary as to any particular inmate or detainee. While the length of the inmates' detention in Maricopa County Jail may be a relevant consideration, it is by no means dispositive. Moreover, we find the county's reliance on Bell v. Wolfish, 441 U.S. 520 (1979), unpersuasive.
 
 
 16
 In Bell, 441 U.S. at 541, the Supreme Court relied in part on the amount of time spent in overcrowded conditions to support its decision rejecting allegations of a Fifth Amendment due process violation. The crowding experienced by pretrial detainees in Bell was far less severe than that alleged by Finocchi. In Bell, the detainees were double-bunked in cells measuring approximately 75 square feet and given access to a common area during the day and most of the evening. Bell, 441 U.S. at 541.
 
 
 17
 We are particularly concerned that Finocchi's case was resolved against him on summary judgment without the benefit of counsel. Moreover, we note that the issue of fire safety is not addressed by the district court. Furthermore, the county provided no assurance in its brief that conditions which it concedes "may not have been the most satisfactory" are being or will be remedied.
 
 
 18
 While we agree with the district court that Finocchi's allegations fall short of the usual requirements for surviving summary judgment, we are not convinced that he could not present such a case. Specifically, we do not read applicable Ninth Circuit and Supreme Court precedent to preclude a finding that conditions at the Maricopa County Jail violate the Eighth Amendment prohibition against cruel and unusual punishment. Because we agree with the district court that Finocchi failed to allege sufficient facts to support his Eighth Amendment claim, however, we affirm the decision granting summary judgment to Maricopa County.
 
 
 19
 County officials indicate that they intend to seek attorney's fees for this appeal. A prevailing defendant in a § 1983 action may recover attorney's fees "only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2 (1983). We do not find that Finocchi's lawsuit was either frivolous or in bad faith, and deny the county's request for fees.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A federal magistrate heard Finocchi's motion for a preliminary injunction. Finocchi was no longer incarcerated at the Maricopa County Jail at the time. The magistrate denied the motion because Finocchi no longer faced any threat of imminent harm. The district court upheld the magistrate's ruling. We agree that Finocchi did not meet the standards for preliminary injunction and affirm the district court's decision
 
 
 [2]
 Finocchi asserts that the dayroom had only one shower, that the sinks were clogged, and that inmates had no hot water