**Kevin and Angela NICKERSON and Neal Harville Plaintiffs,**

**v.**

**State of TEXAS, et al. Defendants.**

**No. 9:98–CV–136.**

United States District Court,
E.D. Texas,
Lufkin Division.

Dec. 21, 1998.

514

Gary Lynn Bledsoe, Austin, TX, Stephen Losch, Longview, TX, for Kevin Nickerson, Angela Nickerson, Neal Harville, plaintiffs.

Bruce Russell Garcia, AAG, Attorney General's Office, Law Enforcement Defense Division, Austin, TX, for Texas Department of Criminal Justice—Institutional Division, Andy Collins, Wayne Scott, James Keith Price, Jerry Jackson, Latham Boone, Tom Davis, Jerry Clements, Debra Leonard, Alan Polunsky, John David Franz, Nancy Patton, Carole S. Young, Alfred Moran, Patricia Day, Lawrence Francis, A. M. Stringfellow, Carol S. Vance, Unidentified Party, Unknown Agents or Employees of The Texas Department of Criminal Justice, Andy Collins, defendants.

Lisa Ann Brown, Bracewell & Patterson, Houston, TX, for Ray Montgomery, defendant.

Ray Montgomery, Madisonville, TX, pro se.

## MEMORANDUM

COBB, District Judge.

On this day, came on to be considered Defendants' Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6). These motions include: (1) Defendant Andy Collins' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5); (2) Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1); (3) Defendants Latham Boone's and Ray Montgomery's Motion to Dismiss Pursuant to Rules 12(b)(5) and 12(b)(6); (4) Defendants Polunsky, Vance, Franz, Francis, Stringfellow, Moran, Day, Patton And Young's Motion to Dismiss Pursuant to Federal rule of Civil Procedure 12(b)(6); (5) Defendants Scott, Price, Jackson and Leonard's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

### FACTS:

On or about October 7th 1994 and in the wake of two prison riots, a prisoner at the Terrell Unit of the TDC threw either urine or spit on one of the Plaintiffs, Angela Nickerson. Nickerson, an employee of the Unit, called her husband, also an employee of the Unit but not her immediate supervisor, to assist her with the situation. Both Nickersons and the third Plaintiff, Neal Harville, went to the prisoner's cell and attempted to move him. A scuffle ensued during which the prisoner was mildly injured. The proper paperwork, for some reason, was not filed.

Shortly after the incident, Internal Affairs conducted an investigation. As a result of this investigation, the plaintiffs were dismissed from their positions with the Texas Department of Criminal Justice and criminal charges were brought against them by the Texas Department of Criminal Justice and the State of Texas. These charges, Plaintiffs

claim, were brought even though there was exculpatory evidence available that had been generated in the investigation of another prisoner's death. This information, Plaintiffs allege, was ordered to be turned over to the defense, but never was. After a trial by jury, the Nickersons were acquitted on June 3, 1996. Ten days later on June 13th, charges were dismissed against Harville.

Plaintiffs, despite their acquittal, attempted to gain reemployment at the Department of Criminal Justice but failed. Their current claims include 42 U.S.C. §§ 1983; 1985; civil RICO; civil conspiracy under state law; intentional infliction of emotional distress under state law; invasion of privacy; fraud; libel and/or slander; and an alleged noncompliance with *Ruiz v. Estelle.* (Defendants collectively assume that Plaintiff meant *Ruiz v. Scott,* in the United States District Court, Southern District of Texas, Houston division. I suspect, however, that the Plaintiffs do indeed mean *Ruiz v. Estelle* and in fact mean a string of cases under that name (they do not bother, however, to cite any one of them in particular)).

### Reasoning:

Although each motion to dismiss deals with different Defendants, many of the issues are the same throughout. These include the § 1983 and 1985 claims as well as the RICO claims. The Court's opinion of each motion is included below:

*Motion to Dismiss, Defendants Scott, Price, Jackson and Leonard Pursuant to 12(b)(6)*

The allegations addressed in this motion can be dealt with in three parts: civil and constitutional claims, RICO claims, and claims under *Ruiz v. Estelle.* An analysis of the civil and constitutional claims is presented first:

### Civil & Constitutional Claims:

 Plaintiffs allege § 1983 and § 1985 civil rights claims; civil conspiracy, fraud, invasion of privacy claims and a claim for intentional infliction of emotional distress. For all of them, the statute of limitations (2 years) has run. *Tex. Civ. Prac. & Rem.Code* § 16.003(a); *Piotrowski v. City of Houston,* 51 F.3d 512, 514, fn. 5 (5th Cir.1995) (holding that in light of the fact that Congress has not

provided a statute of limitations in § 1983 cases, federal courts should consequently borrow the forum state's general personal injury limitations period); *Drayden v. Needville Independent School District,* 642 F.2d 129 (5th Cir.1981) (holding that cause of action commences when plaintiff knows or has reason to know of injury, that two year Texas statute of limitations is applicable to civil rights claims and that running of statute of limitations against civil rights cause of action is not tolled on ground of ongoing conspiracy in failing to correct alleged wrongs). Thus, as Defendants note, any of these claims arising prior to June 3, 1996 are time barred (all the claims arose in 1994). Likewise, the statute of limitations on the additional claims for libel and slander (one year) has also run. *Tex. Civ. Prac. & Rem.Code,* § 16.002. Plaintiffs contend that the fact that the statute of limitations has run should be included as affirmative defenses, and not as grounds for summary judgment and dismissal, pursuant to F.R.C.P. 8. This argument seems nonresponsive, however, and in fact runs contrary to *Moore v. El Paso County, Tex.,* 660 F.2d 586 (5th Cir.1981) *cert. denied,* 459 U.S. 822, 103 S.Ct. 51, 74 L.Ed.2d 57. (holding that civil rights actions brought after the statute of limitations has run are barred) and *Henderson v. AT&T Corp.,* 933 F.Supp. 1326 (S.D.Tex.1996) (holding that summary judgment is appropriate once the statute of limitations has run).

### RICO Claims:

 Plaintiffs also allege RICO violations. In regard to these, a variety of problems exist. First, Plaintiffs do not specify the predicate acts that form the basis of their charge. According to the requirements of RICO, racketeering activity must consist of at least two or more predicate offenses. *H.J. Inc. v. Northwestern Bell Telephone, Co.,* 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195; *Word of Faith World Outreach Center Church, Inc. v. Sawyer,* 90 F.3d 118, 123 (5th Cir.1996). Plaintiffs describe one potential offense, namely a failure to produce exculpatory evidence pursuant to an alleged court order, but they do not describe two offenses and, consequently, do not satisfy this re-

quirement. Further, in order to establish a RICO claim, a plaintiff must show that the racketeering offenses are related, and that they amount to or pose a threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Telephone, Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195; *Word of Faith, at* 122. Even if the Texas Department of Criminal Justice and others joined in a conspiracy to have Plaintiffs fired, this does not show any threat of further criminal activity, and therefore does not constitute a RICO violation. *See Manax v. McNamara*, 842 F.2d 808 (5th Cir.1988) (holding that an association allegedly formed for a specific end, such as destroying an individual's career, lacks the continuity of a criminal enterprise required under RICO).

 Plaintiffs also attempt to show that the Prison Unit in which they worked failed to meet certain safety guidelines, thereby constituting cruel and unusual punishment of prisoners. None of these offenses, however, coincide with any of the crimes enumerated under RICO (for the crimes that are included under RICO, *see* 18 U.S.C.A. §§ 's 1961 and 1962), including the alleged offense of obstruction of justice. And, even if they did, the 5th Circuit has established that employees who refuse to participate in activity which is violative of RICO and are constructively discharged for such refusal do not have standing to sue under RICO. *Cullom v. Hibernia National Bank*, 859 F.2d 1211 (5th Cir.1988).

### Ruiz v. Estelle Claims:

 Finally, Plaintiffs allege violations under *Ruiz v. Estelle*. In regard to these claims, however, Plaintiffs do not appear to have standing. *Ruiz* is a class action brought several years ago by inmates on grounds that conditions in Texas prisons were unconstitutional. *See Ruiz v. Estelle*, 503 F.Supp. 1265, stay denied in part, granted in part 650 F.2d 555 and 666 F.2d 854, affirmed in part, reversed in part 679 F.2d 1115, amended in part, vacated in part 688 F.2d 266, certiorari denied 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795. It is not apparent that Plaintiffs in this case, unlike the prisoners who brought the claims in *Ruiz*,

have standing. Specifically, it is not apparent that Plaintiffs, who are not prisoners, have a personal stake in the matter litigated in *Ruiz*, namely prison conditions, as is required by *Baker v. Carr* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Further, Plaintiffs do not show that they suffered an injury due to unsafe prison conditions, as is required by *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979) (on the contrary, it appears that they contributed to the infliction of injuries on prisoners). The fact that violations of law may have been taking place within prisons does not confer standing either. An allegation of injury that simply asserts that the government has violated the law, in other words, is insufficient to grant standing. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). Finally, Plaintiffs do not in any way show that the relief sought in *Ruiz*, namely safe prison conditions, would in any way remedy their own situation as is required by *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). And, in closing, Plaintiffs cannot claim that they are bringing claims on behalf of prisoners and therefore deserve third-party standing, as was granted in *Barrows v. Jackson*, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953), *NAACP v. Alabama*, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958) and *Whitmore v. Arkansas*, 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). The fact that *Ruiz* itself exists shows that prisoners could bring suits for themselves. Consequently, Plaintiffs' charges under *Ruiz* fail to state a claim upon which relief should be granted.

*Motion to Dismiss Defendants Polunsky, Vance, Franz, Francis, Stringfellow, Moran, Day, Patton and Young Pursuant to 12(b)(6)*

The same issues are presented in this motion to dismiss as in the ones concerning Scott, Price, Jackson and Leonard. Consequently, the Court's rationale regarding that motion applies.

*Motion to Dismiss Latham Boone and Ray Montgomery Pursuant to 12(b)(5) and 12(b)(6)*

 Boone and Montgomery acted as the prosecutors in the case against the Plaintiffs.

Plaintiffs claim that both prosecutors worked directly for the TDCJ and were therefore acting as agents of the executive branch of government. In fact, Defendants worked for the Special Prisons Prosecutors Unit which operates essentially as a branch of the District Attorneys for the state of Texas (The SPPU is governed by a board of directors composed of the District Attorneys who use their services). Regardless, the availability of immunity depends "upon the nature of the individual official's responsibilities and not on his rank, status, or location within the government." *Farrish v. Miss. State Parole Board,* 836 F.2d 969, 974 (5th Cir.1988); *see also Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (holding that regardless of the identity of his employer, a prosecutor always is immune from liability when initiating a prosecution and presenting the state's case).

The question of immunity aside, Defendants Boone and Montgomery also allege that Plaintiffs fail to present a claim upon which relief can be granted pursuant to 12(b)(6). For the same reasons stated in the rationale regarding the Motion to Dismiss filed by Defendants Scott, Price, Jackson and Leonard, this is a valid claim worthy of granting dismissal, regardless of whether immunity exists or not.

*Motion to Dismiss Defendant Andy Collins Pursuant to 12(b)(5).*

██ Defendant Andy Collins, former executive director of the Texas Department of Criminal Justice, claims that because Plaintiffs served him "in care of" Wayne Scott, the current executive director, they violated Texas Rule of Civil Procedure 106. According to Rule 106, substituted service, or service to one person, for example, as an agent of another, is valid as long as a court, upon motion, authorizes it. TRCP 106(b). In this case, although Scott was by no means the "agent" of Collins, it is feasible, had the court so ordered, that service "in care of" Scott would have been warranted under 106(f) (which states that service may be rendered "in any other manner which will be reasonably effective to give the defendant notice of the suit"). However, the court issued no

such order. Consequently, the service on Collins appears to be inadequate.

Plaintiffs claim that under Rule 121, an answer constitutes an appearance and therefore dispenses with the necessity for the issuance or service of citation. This is true. However, it is not apparent that Defendant Collins filed an answer. He did not, for example, address any of the claims against him. Instead, he simply filed a Motion for Dismissal.

*Motion to Dismiss Defendant Texas Dept. Of Criminal Justice Pursuant to 12(b)(1)*

██ Plaintiffs include the Texas Department of Criminal Justice as a Defendant. Although the same claims are made against the Department as against the other Defendants, the Department requests dismissal not under 12(b)(6) but 12(b)(1), lack of subject matter jurisdiction. It appears that the Eleventh Amendment is an explicit jurisdictional bar to Plaintiffs' claim. According to the Amendment, immunity is extended to state agencies like the TDCJ. *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Absent waiver, this immunity applies regardless of the nature of relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). There is no waiver of immunity in this case; therefore, the Court appears to lack subject matter jurisdiction.

██ Plaintiffs' response to Defendant TDCJ's 12(b)(1) Motion reveals their misunderstanding of 11th Amendment jurisprudence. Plaintiffs state, for example, that "the Eleventh Amendment does not bar an action against a state officer to restrain unconstitutional conduct on his part." (Plaintiffs' Response to TDCJ's Motion to Dismiss, p. 1). This is true. However, Plaintiffs are not making a claim against a state officer, but against a state agency. None of the cases that Plaintiffs cite support the notion that this can be done. In fact, all of the cases that Plaintiffs cite apply to suits against state officers. *See Florida Dept. of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982) (holding that courts may grant prospective, injunctive and declaratory relief *against state*

*officers* ); *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (holding that Congress did not intend to abrogate state sovereign immunity in § 1983 claims); *Ray v. Atlantic Richfield Co.,* 435 U.S. 151, 98 S.Ct. 988, 55 L.Ed.2d 179 (1978) (holding that the 11th Amendment does not bar suit in federal court against *a state official* for the purpose of obtaining an injunction against his enforcement of a state law alleged to be unconstitutional); *Sterling v. Constantin,* 287 U.S. 378, 53 S.Ct. 190, 77 L.Ed. 375 (1932) (holding that a suit *to enjoin state officers* from limiting production of oil wells is not a suit against the state); and *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (holding that a suit against a state officer does not violate principle of state immunity because it is not a suit against the state).

### Conclusion:

After due consideration of said Motions and any response thereto, the Court finds that the Motions are well taken. It is, therefore,

ORDERED that the Defendants Motions to Dismiss are GRANTED with prejudice.