IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10434
(Summary Calendar)
_____


SONYA LASHAWN CHAPMAN,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas
Department of Criminal Justice -
Institutional Division, ET AL.,

                                        Defendants,

WAYNE SCOTT, Director, Texas
Department of Criminal Justice -
Institutional Division; R. THOMAS,
Assistant Warden; A. COLLINS,
Correctional Officer III; MCDUFFY,
Captain,

                                        Defendants-Appellees.
                     --------------------
              Appeal from the United States District Court
                  for the Northern District of Texas
                            2:98-CV-333
                     --------------------
                          August 17, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Sonya Lashawn Chapman, Texas prisoner #

544798, argues that the district court erred in dismissing some of

her claims made in a 42 U.S.C. § 1983 complaint as frivolous or for

failure to state a claim on which relief can be granted.  Chapman

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

argues that she was demoted to a lower classification status and was placed in close custody as the result of being charged with three unwarranted major disciplinary violations. Chapman further contends that Director Scott and Warden Thomas acted with deliberate indifference to the excessive penalties imposed by denying her grievances and ignoring her written complaints. Chapman also asserts that the district court erred in denying her claims of retaliation and conspiracy based on her allegations being vague and conclusional.

We review dismissals based on frivolousness for an abuse of discretion. We conduct a de novo review of a decision to dismiss for failure to state a claim. See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998); Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998).

It is not clear whether Chapman lost any good-time credits as a direct result of the disciplinary action taken against her. Even assuming that she lost good time, however, she is not entitled to seek damages under § 1983 until she has shown that her conviction in the disciplinary proceeding has been expunged, reversed, or otherwise set aside. See Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Chapman's allegation that she was denied due process in connection with the disciplinary proceedings fails to support an arguable constitutional claim. Placement of a prisoner in close custody is not an atypical or significant hardship when considered in relation to the normal incidents of prison life and thus does

2

not implicate a liberty interest.  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  Consequently, such placement does not give rise to protection by the Due Process Clause.  Neither does Chapman have a protected liberty or property interest in her custodial classification.  See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

Chapman's complaints about the outcome of the grievance proceedings do not implicate the Constitution.  See Martinez v. Griffin, 840 F.2d 314, 315 (5th Cir. 1988).  Insofar as she alleges that the supervisory officials acted with deliberate indifference to the imposition of an excessive penalty, Chapman has failed to allege an arguable Eighth Amendment claim because she has not asserted that the conditions in close custody deprived her of life's basic necessities.  See Harper v. Showers, 174 F.3d 716, 719-20 (1999).

Neither has Chapman proffered an arguable claim of retaliation, because she failed to allege a chronology of events giving rise to an inference that disciplinary charges were filed against her in retaliation for her exercising a constitutional right.  See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995).  Chapman's allegations of a conspiracy are conclusional and do not give rise to an inference that the defendants had agreed to punish Chapman unlawfully.  See Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985).

The district court did not abuse its discretion or err in dismissing Chapman's complaints either as frivolous or for failure to state a claim on which relief can be granted.

Chapman's argument that the case must be remanded to the district court for the entry of a judgment pursuant to Fed. R. Civ. P. 54(b) or 58 is frivolous. This case is in the proper procedural status for review. See Burge v. Parish of St. Tammany, 187 F.3d 452, 467 (5th Cir. 1999).

Affirmed.

4