IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11401
Conference Calendar

_____

JAMES EARL CANNON,

Plaintiff-Appellant,

versus

R. LEWIS, in his individual capacity;
W. HOWARD, in her individual capacity,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-369-C
---------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

James Earl Cannon, Texas inmate # 607764, appeals the
dismissal without prejudice of his civil rights complaint filed
pursuant to 42 U.S.C. § 1983.  Cannon argues that he is entitled
to the restoration of his good-time credits and to compensatory
and punitive damages because (1) his due process rights were
violated during his disciplinary proceedings and (2) the
defendants failed to follow prison rules and procedures.
Cannon's assertion that he was deprived of good time-credit in

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violation of the prison's disciplinary rules, if credited, necessarily implies that his sentence for the disciplinary case was invalid, thus affecting the duration of his confinement. Because Cannon has not shown that the disciplinary case has been overturned, he cannot maintain a 42 U.S.C. § 1983 action against the defendants for damages. See Heck v. Humphrey, 512 U.S. 477, 487 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Cannon's allegation that the defendants did not follow prison policy is not sufficient to afford him 42 U.S.C. § 1983 relief. The failure of prison administrators to follow prison rules and regulations does not, without more, give rise to a constitutional violation. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

Cannon's argument that the failure of the defendants to follow prison disciplinary procedures violated the Ruiz[**] consent decree is improper under 42 U.S.C. § 1983. Remedial decrees do not create or expand constitutional rights and cannot serve as a basis for claims of damages under 42 U.S.C. § 1983. Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986).

The district court dismissed Cannon's complaint without prejudice; however, because the complaint is premature under Heck, the dismissal should have been with prejudice. Boyd v. Biggers, 31 F.3d 279, 283-84 (5th Cir. 1994). Although there is no cross-appeal, the dismissal of Cannon's 42 U.S.C. § 1983

---

[**] Ruiz v. Estelle, 503 F. Supp. 1265 (S.D. Tex. 1980), aff'd in part and vacated in part, 679 F.2d 1115 (5th Cir. 1982), amended in part and vacated in part, 688 F.2d 266 (5th Cir. 1982).

complaint is MODIFIED from "without prejudice" to "with prejudice as frivolous" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  <u>See</u> <u>Marts v. Hines</u>, 117 F.3d 1504, 1505-06 (5th Cir. 1997)(en banc).

Cannon's appeal is without arguable merit and, thus, frivolous.  <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).  As the appeal is frivolous, it is DISMISSED.  5th Cir. R. 42.2.

Cannon has more than three strikes against him, and the three-strikes bar of 28 U.S.C. § 1915(g) was imposed against him in a previous appeal.  <u>See</u> <u>Cannon v. Pittman</u>, No. 00-10576 (5th Cir. Dec. 13, 2000) (unpublished).  We remind Cannon that he cannot proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the district court or on appeal except in cases in which he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g); <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).

DISMISSED AS FRIVOLOUS.