IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40926
Summary Calendar
_____

TOMMY SANDERS,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
J. E. ALFORD, Warden; LINCOLN CLARK, Laundry
Supervisor; TERRY O. GERMAN, Food Supervisor,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CV-129
- - - - - - - - - -
July 6, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Tommy Sanders, a Texas prisoner (# 744097), appeals from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2). Sanders urged this court to enforce court orders issued in the inmate class action, Ruiz v. Estelle, 503 F. Supp. 1265 (S. D. Tex. 1980), aff'd in part, vacated in part, 679 F.2d 1115 (5th Cir.), amended in part, 688 F.2d 266 (1982), with

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

respect to his claims regarding the following conditions of confinement at his prison: (1) the adequacy of ventilation in the dining hall where Sanders worked; (2) crowding; (3) the adequacy of security in the dormitories; and (4) the adequacy of drinking water for dining-hall workers. The district court concluded that mere violations of the consent decree in Ruiz did not amount to a violation of his civil rights.

The district court did not abuse its discretion in concluding that, inasmuch as Sanders was alleging mere violations of court orders in the Ruiz litigation, his claims were not cognizable under 42 U.S.C. § 1983 and were frivolous. See Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986); Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998) (Bivens-type claims by federal prisoner). It is arguable that, as to at least some of the alleged conditions of confinement, Sanders was asserting that such conditions violated his constitutional rights. However, because Sanders failed to demonstrate how the named defendants were aware of facts from which an inference of an excessive risk to the plaintiff's health or safety could be drawn, see Farmer v. Brennan, 511 U.S. 825, 837 (1994), Sanders has not shown that the district court abused its discretion in dismissing the complaint.

The judgment of the district court is

AFFIRMED.