IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41476
Summary Calendar
_____

JEFFREY HINOTE,

Plaintiff-Appellant,

versus

TIMOTHY KEITH; MAINTENANCE SUPERVISOR; PLUMBING SUPERVISOR;
RISK MANAGEMENT SUPERVISOR; CHEVRON USA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-537
--------------------
July 23, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jeffrey Hinote, Texas prisoner # 578512, filed a *pro se* complaint under 42 U.S.C. § 1983 for alleged injuries resulting from the leak of a natural gas pipeline on prison grounds. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e), concluding that it was frivolous and failed to state a claim on which relief may be granted. Hinote has appealed the dismissal.

This court reviews a 28 U.S.C. § 1915(e)(2)(B)(i) dismissal as frivolous for abuse of discretion, and a 28 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915(e)(2)(B)(ii) dismissal for failure to state a claim *de novo*. See <u>Ruiz v. United States</u>, 160 F.3d 273, 274-75 (5th Cir. 1998). "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 525 (5th Cir. 1994).

A private party (such as Chevron) acts under color of state law only in certain circumstances. See <u>Hobbs v. Hawkins</u>, 968 F.2d 471, 480 (5th Cir. 1992). Hinote's pleadings do not allege why Chevron should be considered "a person acting under color of state law," and his appellate brief does not respond to the district court's conclusion that Chevron was not "acting under color of state law." Because he has failed to brief this issue, it is waived, and all claims against Chevron were properly dismissed. See <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

Hinote alleges that prison officials failed to comply with prison policies by allowing the pipeline worker on prison grounds without an escort. To the extent he is claiming that prison officials were negligent, such a claim is not cognizable in a 42 U.S.C. § 1983 proceeding. The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986).

Hinote also argues that by failing to follow prison rules, regulations, and policies, the prison officials violated due process. However, we have stated that a prison official's failure to follow such policies, by itself, does not rise to the level of a constitutional violation. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (deprivation of property claim; failure to follow prison policy not a violation of due process if other constitutional minima met). The cases cited by Hinote which hold to the contrary are from lower courts and other circuits and are thus not controlling authority.

Hinote also alleges that prison officials failed to properly report the pipeline leak, and that they have failed to provide him with requested information. We are unable to discern any violation of Hinote's constitutional rights in these claims. See Leffall, 28 F.3d at 525.

On appeal, Hinote adds a claim that prison officials acted in contempt of prior court orders, including Ruiz v. Estelle, 679 F.2d 1115 (5th Cir. 1982), amended in part, vacated in part by 688 F.2d 266 (5th Cir. 1982). However, Hinote may not raise such a claim for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).

For the reasons discussed above, we affirm the district court's dismissal of Hinote's complaint. The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Hinote is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is

incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See id.

AFFIRMED; SANCTIONS WARNING ISSUED.