IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40806
Conference Calendar
_____

MARSHALL WELLS,

                                        Plaintiff-Appellant,

versus

JACKIE EDWARDS, Warden;
G.J. GOMEZ, Regional Director;
DENNIS JENKINS; GLANDA RANDLE;
JACK PAIGE; FRANCINE MCCLAIN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-99-CV-655
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     The notice of appeal filed by Marshall Wells, former Texas state prisoner # 314821, has been construed as an appeal from the district court's certification that Wells' appeal was not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  Wells argues that the district court erred in dismissing as frivolous his claim that the defendants were deliberately indifferent to his serious medical needs.  He further argues that

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erred in dismissing as frivolous his claims that he was denied due process in connection with his prison grievance proceedings.

Wells' allegation that he did not receive his blood pressure medication on one occasion does not reflect that the defendants knowingly and wantonly inflicted pain upon Wells that is repugnant to mankind. See McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997). Although Wells speculates that he could have suffered serious physical harm as a result of the defendants' actions, he fails to allege specific facts showing that the defendants were aware or should have been aware that his failure to take the medication on that one occasion involved a substantial risk of harm to Wells. See Farmer v. Brennan, 511 U.S. 825, 837, 847 (1994).

Wells' argument that he was denied due process during the grievance proceedings is also frivolous because the record reflects that the grievance was denied based on evidence that another officer had given Wells the opportunity to obtain his medication after the initial incident occurred. Further, Wells' claims that the defendants failed to follow the proper procedures in denying his grievances do not implicate a liberty interest protected by the Constitution. Thus, there is no justification for this court to interfere in the administrative action. See Martinez v. Griffin, 840 F.2d 314, 315 (5th Cir. 1988). Wells' due process claims are also frivolous.

In the absence of alleging an independent constitutional violation, Wells cannot rely on violations of the consent decree

in <u>Ruiz v. Scott</u>, 503 F. Supp. 1265 (S.D. Tex. 1980), <u>aff'd in part, vacated in part</u>, 679 F.2d 1115 (5th Cir.), <u>amended in part</u>, 688 F.2d 266 (1982) to support a claim under 42 U.S.C. § 1983. <u>See</u> <u>Green v. McKaskle</u>, 788 F.2d 1116, 1123 (5th Cir. 1986). Because Wells failed to allege an arguable constitutional claim, the district court did not plainly err in determining that any claim based on the <u>Ruiz</u> decree was frivolous.

Because Wells has failed to raise an issue of arguable merit, the appeal is DISMISSED as frivolous. <u>See</u> 5TH CIR. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).

APPEAL DISMISSED.