# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2007

Charles R. Fulbruge III
Clerk

No. 05-20540
Summary Calendar

TONY SHANE PETERS

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-2597

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tony Shane Peters, Texas prisoner # 710206, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition. Peters filed the petition to challenge the result of a prison disciplinary hearing for which he received a day in solitary confinement, loss of 60 days of good time credit, 35 days of commissary and recreation restriction, and a line class reduction. This court granted a certificate of appealability on whether Peters had stated a claim of retaliation which, if true, would warrant federal habeas relief from his prison disciplinary conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and whether the district court should have addressed this issue. On appeal from the denial of § 2254 petition, we review a district court's findings of fact for clear error and questions of law de novo. Virgil v. Dretke, 446 F.3d 598, 604-05 (5th Cir. 2006).

Peters asserts that the disciplinary action was taken in retaliation for his threat to a female correctional officer to expose her alleged inappropriate relationship with another offender and her alleged smuggling of contraband to that offender. To state a retaliation claim, Peters "must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003). The burden placed on the inmate to demonstrate a valid retaliation claim is "significant," and "[m]ere conclusionary allegations of retaliation" are insufficient. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). To meet his burden, Peters must "produce direct evidence of motivation," which he has not done, or he must "allege a chronology of events from which retaliation may plausibly be inferred." Id. Retaliation may be inferred from the exercise of the protected right to complain followed by an adverse act. Id. at 1164.; Gibbs v. King, 779 F.2d 1040, 1042 (5th Cir. 1986); Ruiz v. Estelle, 679 F.2d 1115, 1153-55(5th Cir.), opinion amended in part and vacated in part on other grounds, 688 F.2d 266 (1982).

Peters does not identify what specific constitutional right he exercised that prompted the allegedly retaliatory disciplinary action. Peters had not exercised his right to file a grievance or to seek legal action. If his brief is liberally construed, Peters suggests that his threat to complain about a correction officer's misconduct is sufficient to show a chronology of events from which a retaliatory motive may be inferred. Peters, however, does not argue that his threat to expose a corrections officer's alleged misconduct amounts to his exercise of a specific constitutional right. Peters has, thus, failed to state a valid claim of retaliation.

Peters has not briefed the issue of whether the district court erred when it did not address his retaliation claim. He has therefore abandoned any argument with respect to this issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir.1993). The judgment of the district court dismissing Peter's § 2254 petition is AFFIRMED. Peter's motion for production of documents is DENIED.