# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2011

Lyle W. Cayce
Clerk

No. 11-30255
Summary Calendar

DERRICK CARTER,

Plaintiff-Appellant

v.

CORNEL HUBERT; RAYBURN TEER; DONALD JOHNSON; Captain PATRICK COCHRAN; Lieutenant CHRISTOPHER SNOWDEN; Lieutenant JOEL DECUIR; Lieutenant  ARTHUR FOSTER; KENNETH STEWART; Warden LAWRENCE HALL,

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-614

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Derrick Carter, Louisiana prisoner # 337492, has moved for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. The district court denied Carter IFP status on appeal and certified that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By moving for leave to proceed IFP, Carter is challenging the district court's certification that the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). On appeal, Carter argues that the district court erred in (1) dismissing his unconstitutional conditions of confinement claims; (2) denying his motion for reconsideration of imposing full sanctions on the defendants and their counsel; and (3) granting summary judgment on his First Amendment claim while also failing to address his request for declaratory relief. Carter has not shown that he will raise a nonfrivolous issue on appeal.

We review the grant of a motion to dismiss pursuant to Rule 12(b)(6) de novo. *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011). Although we accept the plaintiff's allegations as true, to survive a Rule 12(b)(6) dismissal, the complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

In regard to his unconstitutional conditions of confinement claims that his placement in a restrictive cell program for seven days at a time, for a total of 26 days, resulted in a lack of exercise, deprivation of meals, and flu-like symptoms due to a severely cold cell, Carter has not demonstrated that prison officials violated his Eighth Amendment rights. *See Hernandez v. Velasquez*, 522 F.3d 556, 559-61 (5th Cir. 2008); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *Talib v. Gilley*, 138 F.3d 211, 214 & n.3 (5th Cir. 1998); *Davis v. Scott,* 157 F.3d 1003, 1006 (5th Cir.1998); *Ruiz v. Estelle,* 679 F.2d 1115, 1152 (5th Cir.1982), *amended in part, vacated in part on other grounds,* 688 F.2d 266 (5th Cir.1982). In particular, Carter does not allege any deprivation that "'result[ed] in the denial of the minimal civilized measure of life's necessities.'" *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832

(1994) (internal quotation marks and citations omitted)). Nor has Carter demonstrated that prison officials acted with deliberate indifference to his health or safety. *Id.*

Carter has abandoned the issue of whether the district court abused its discretion in denying his motion for reconsideration of sanctions because he does not challenge the district court's denial of the motion as untimely. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (noting that contentions not adequately argued in the body of the brief are deemed abandoned).

We review a district court's grant of summary judgment de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Carter has not demonstrated that the district court erred in granting summary judgment on his First Amendment claim that the defendants denied him the right to freely exercise his religion by confiscating his Bible and other religious pamphlets because he does not allege that he suffered a physical injury that was more than de minimis. *See* 42 U.S.C. § 1997e(e); *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 605-06 (5th Cir. 2008); *see also Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005) (extending physical injury requirement to First Amendment claims); *Alexander v. Tippah Cnty. Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (noting that the alleged physical injury must be more than de minimis). Moreover, because the program at issue had been eliminated and Carter was no longer housed in the same prison unit, the district court did not err in determining that Carter's requests for injunctive and declaratory relief were moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that transfer from unit rendered a prisoner's claims for declaratory and injunctive relief moot)

Because Carter has not demonstrated that the district court erred in certifying that his appeal is not taken in good faith, we deny his IFP motion and dismiss his appeal as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Our dismissal of this

appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Carter is warned that, if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; IFP MOTION DENIED; SANCTION WARNING ISSUED.